■ KIDDER, PEABODY & Co., INC., Appellant, v MARTIN SANDERS et al., Respondents. KIDDER, PEABODY & Co., INC., Appellant, v RITA MARGARETEN et al., Respondents. KIDDER, PEABODY & Co., INC., Appellant, v FREDERICK DETTORI et al., Respondents. [652 NYS2d 276] —Order, Supreme Court, New York County (Jane Solomon, J.), entered March 7, 1996, which, *inter alia*, denied petitioner securities broker's applications to permanently stay arbitration of respondent customers' claims as ineligible under rule 605 of the American Stock Exchange (AMEX), unanimously affirmed, with one bill of costs.

There being no arbitration agreement between the parties, respondents are entitled to arbitrate their claims before the American Arbitration Association (AAA) by reason of petitioner's membership with AMEX, whose constitution (art VIII, § 2) the so-called "AMEX window," provides:

"Arbitration shall be conducted under the arbitration procedures of this Exchange, except as follows * * *

"(c) if any of the parties to a controversy is a customer, the customer may elect to arbitrate before the [AAA] in the City of New York, unless the customer has expressly agreed, in writing, to submit only to the arbitration procedure of the Exchange."

There is no merit to petitioner's contention that for purposes of the AMEX window, the AMEX constitution distinguishes between substantive "rules", on the one hand, including, in particular, rule 605 (a) in the AMEX Arbitration Rules limit-

ing the right to arbitrate to claims with an accrual of less than six years, and "procedures" governing the conduct of the arbitration, on the other. On the contrary, article VIII (§ 3) of the AMEX constitution, pointed to by petitioner, refers to such matters as the selection of arbitrators, which are clearly "procedural", and the arbitrability of a controversy, which is clearly substantive, as "rules", without distinction. Nowhere in the AMEX constitution (or, for that matter, its arbitration "rules") is there a definition of, or distinction between, "rules" and "procedures", and the only limit it places upon the AAA "rules" or "procedures" is that the arbitration be conducted in New York City. Were other limitations intended, they could easily have been included. Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.